## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESHED ALSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 15-1112-SLR |
| | ) |
| THE ADMINISTRATIVE OFFICES OF | ) |
| THE DELAWARE COURTS, | ) |
| SUPERIOR COURT AND SUPREME | ) |
| COURT OF DELAWARE, COURT | ) |
| ON THE JUDICIARY, STATE DEPT. | ) |
| OF JUSTICE, UNITED STATES | ) |
| BANKRUPTCY COURT FOR THE | ) |
| DISTRICT OF DELAWARE, STATE | ) |
| HUMAN RELATIONS COMMISSION, | ) |
| and JUDGE VAUGHN, | ) |
| | ) |
| Defendants. | ) |

EShed Alston, Dover, Delaware. Pro se Plaintiff.

Charles M. Oberly, III, United States Attorney and Jennifer L. Hall, Assistant United States Attorney, Wilmington, Delaware. Counsel for Defendant United States Bankruptcy Court for the District of Delaware.

Joseph C. Handlon and Kenisha Ringgold, Deputy Attorneys General, State of Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants the Administrative Office of the Delaware Courts, Superior Court and Supreme Court of Delaware, Court on the Judiciary, State Dept. of Justice, State Human Relations Commission and Judge Vaughn.

## **MEMORANDUM OPINION**

Dated: April  *18*,  2016
Wilmington, Delaware

**ROBINSON, District Judge**

## I. BACKGROUND

On November 6, 2015, pro se plaintiff EShed Alston filed a complaint in the

Superior Court of the State of Delaware in and for Kent County against defendants:  (1)

the Administrative Offices of the Delaware Courts; (2) Superior Court; (3) Supreme

Court of Delaware; (4) Court on the Judiciary; (5) State Department of Justice; (6) State

Human Relations Commission; (7) Judge Vaughn (collectively "State defendants"); and

(8) United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court").

(D.I. 1, ex. A)  The matter was assigned to the Honorable Jeffrey J. Clark.

On December 1, 2015, defendant Bankruptcy Court removed the case to this

court pursuant to 28 U.S.C. § 1446(a).  (D.I. 1)  On the same date, defendant

Bankruptcy Court filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P.

12(b)(1) and (6).  (D.I. 3)  State defendants moved to dismiss under Rules 12(b)(1) and

(6) on December 11, 2015.  (D.I. 4)  Plaintiff has filed opposition to the pending

motions.  (D.I. 5, 7, 9)  On January 21, 2016, plaintiff filed a motion for recusal. (D.I. 8)

The court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. RECUSAL

In light of plaintiff's challenge to the court's impartiality, the motion for recusal

warrants consideration at the outset.  The "decision of whether to recuse from hearing a

matter lies within the sound discretion of the trial court judge." *United States v.*

*Wilensky*, 757 F.2d 594, 599-600 (3d Cir.1985).  The two principal statutes that address

judicial recusal are 28 U.S.C. §§ 144 and 455.  Neither of these statutes provides a

basis for recusal where a party is simply displeased with the court's legal rulings.

*Securacomm Consulting, Inc. v. Securacom Inc.,* 224 F.3d 273, 278 (3d Cir. 2000).

Under 28 U.S.C. § 144, recusal must occur "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. A "substantial burden is imposed on the party filing an affidavit of prejudice to demonstrate that the judge is not impartial." *Sharp v. Johnson*, 2007 WL 3034024, \*1 (W.D. Pa. 2007). In an affidavit of bias, the affiant has the burden of making a threefold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973); *Pi-Net International, Inc. v. Citizens Financial Group, Inc.*, 2015 WL 1283196, \*6 (D. Del. 2015).

Title 28 U.S.C. § 455(a) provides, in pertinent part, that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Intern. Ltd.*, 368 F.3d 289, 296 (3d Cir. 2004) (citation omitted).

In his recusal affidavit, plaintiff states that, fifteen years ago, this judicial officer presided over the case *Hannah v. City of Dover ("*Hannah case"),[1] a pro se civil rights

[1]In November 2001, Mozell Hannah, proceeding pro se, filed a complaint under 42 U.S.C. § 1983 alleging Fourth and Fourteenth Amendment violations against the

2

complaint, and permitted plaintiff to "act as legal counsel in federal court without an

attorney" on behalf of Mozzel Hannah and her family.[2] (D.I. 7) As a result of the legal

assistance plaintiff provided in the Hannah case, the Office of Disciplinary Counsel

("ODC")[3] and its counsel, Patricia Bartley Schwartz, maliciously prosecuted plaintiff,

ostensibly to prohibit him from the unauthorized practice of law. The ODC and

---

City of Dover, Delaware, and three Dover Police Officers in the death of her son, Reginald Hannah. The court granted the defendants' motion for summary judgment and Hannah appealed. The United States Court of Appeals for the Third Circuit affirmed the court's order because Hannah did not assert the deprivation of a constitutional right and raised no cognizable § 1983 claim. *Hannah v. City of Dover*, 152 Fed. Appx. 114 (3d Cir. 2005).

[2]A review of the Hannah case docket reveals that the court did not allow plaintiff to act as legal counsel to plaintiff-Hannah. Through a series of orders, the court permitted plaintiff-Hannah to consult with any nonlawyer, including plaintiff at bar, but no one other than plaintiff-Hannah could sign any documents for plaintiff-Hannah. Specifically, on November 12, 2002, the court ordered "if plaintiff-Hannah chooses to continue without the help of a lawyer, plaintiff-Hannah must sign every document filed with the court and the court shall not accept for filing any papers signed by Jerry L. Alston (plaintiff at bar), nor shall defendants be required to respond to any documents served on them which are not signed by plaintiff-Hannah and any violation of this order shall result in the immediate dismissal of this case." (D.I. 50) On February 12, 2003, the court issued a clarification letter of the November 12, 2001 order, explaining that, although "Mr. Alston (plaintiff at bar) was ordered to not sign documents on behalf of plaintiff as 'pro se advocate advisor,'" the court was not "preventing plaintiff-Hannah from conferring with Mr. Alston (plaintiff at bar) or with anyone else, the court simply does not permit nonlawyers to file documents in cases unless they are actually a party to the lawsuit." (D.I. 67) In response to additional requests for clarification as well as filings by plaintiff at bar, the court issued an order on May 7, 2003, stating "for the final time that plaintiff may confer with whomever she wishes and may sign whatever papers she wishes, whether she writes them or not, what plaintiff cannot do is submit papers signed by anyone other than her, unless that person is an attorney certified to practice law in the State of Delaware." (D.I. 78)

[3]"The ODC is an Arm of the Supreme Court of Delaware, which assists the Court in regulating the practice of law. In this capacity, the ODC is charged with evaluating, investigating and, if warranted, prosecuting lawyer misconduct." ODC Home Page, http://www.courts.delaware.gov/odc/ (Last visited April 14, 2016).

Schwartz have allegedly continued to obstruct and hinder plaintiff, most recently in a case he filed here on March 27, 2013, *Alston v. Pepper,* Civ. No. 14-983-SLR (D. Del. 2013) ("Alston I").[4]  During the Alston I litigation, plaintiff charges that the ODC and Schwartz filed fraudulent and corrupt documents in their efforts to prevent plaintiff from exercising his federal civil rights.  (D.I. 7)

In his motion for recusal, plaintiff requests that Judge Clark be reassigned to the case because he was a neutral and unbiased judge while the case was pending in State court.  (D.I. 8)  Plaintiff accuses this court of failing to document "the repeated reporting by plaintiff of and in fact and function violation of the hate crime statistic act of 1990."  (*Id.* at 1)  Plaintiff also contends that prosecutors employed by the United States Attorney's Office and the Delaware Attorney General's Office have failed to document hate crimes that plaintiff previously reported.  Plaintiff attributes racial discrimination as the motive behind these alleged acts against him.  Further, the fact

---

[4] The court docket reflects that on November 5, 2013, the court granted defendants' motion to dismiss and denied plaintiff's motions for summary judgment, discovery and for severance, and allowed plaintiff the opportunity to amend the complaint.  (D.I. 19, 20)  On December 9, 2013, plaintiff filed an amended complaint. (D.I. at 21)  On April 16, 2014, the court ordered plaintiff to show cause why the case should not be dismissed for failure to effect proper service.  (D.I. 28)  On the same date, plaintiff filed submissions, including a letter written by Patricia Bartley Schwartz, which states, in pertinent part:

> It has come to the attention of the ODC you may be engaging in the unauthorized practice of law.  Specifically, on August 20, 2013, [litigant's name] asked the Kent County Family Court to allow you to sit at counsel table with him during the proceeding.  On August 20, 2014, the Court denied [this] request.  As you know, the Delaware Supreme Court ordered you to cease and desist the unauthorized practice of law. . . .

(D.I. 29)

4

that defendant Bankruptcy Court removed the case from state court to federal court demonstrates, according to plaintiff, the validity and merit of his claims. (D.I. 5-6)

Evaluating plaintiff's affidavit and motion for recusal, this judicial officer finds no basis from which to conclude that the court has a personal bias or prejudice against plaintiff or in favor or any defendant to warrant recusal under 28 U.S.C. § 144. Significantly, plaintiff has failed to carry his burden of making the threefold showing as to (1) specific facts (2) that would convince a reasonable person that a bias exists and (3) that the bias was personal as opposed to judicial in nature. *United States v. Thompson*, 483 F.2d at 528. To the contrary, plaintiff has presented conclusory and broad statements premised entirely on conjecture.

Recusal under 28 U.S.C. § 455 is also unwarranted because plaintiff's allegations do not implicate any evidence from which a reasonable person with knowledge of all the facts would question the court's impartiality. *In re Kensington*, 368 F. 3d at 296. Although plaintiff depicts the court as the reason for unfavorable rulings in the Alston 1 and Hannah cases, the record reflects that decisions were based on legal precedent rather than bias, prejudice or animus. Plaintiff's dissatisfaction with the court's prior decisions is an insufficient basis for recusal. Alleged bias stemming from facts gleaned from a judicial proceeding are rarely grounds for recusal. *Securacomm Consulting, Inc.*, 224 F.3d 273, 278. Rulings and orders "can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States,* 510 U.S. 540, 555 (1994). Additionally,

5

"opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

## III. MOTION TO DISMISS

### A. Standard of Review

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of jurisdictional fact). *See* 2 James W. Moore, Moore's Federal Practice § 12.30[4] (3d ed. 1997). Under a facial challenge to jurisdiction, the court must accept as true the allegations contained in the complaint. *See id.* Dismissal for a facial challenge to jurisdiction is "proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–09 (3d Cir.1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted)

(interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly and Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir.2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d at 210–11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384–85 n. 2 (3d Cir.1994).

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir.2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery

will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## B. Discussion

Defendant Bankruptcy Court argues that it has sovereign immunity from suit, which it has not waived. (D.I. 3) State defendants also move for dismissal on jurisdictional grounds. (D.I. 4) In his opposition, plaintiff argues that removal to this court was wrong and that the substance of his claims should be addressed by the State court.

It is well established that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). As part of the government of the United States, defendant Bankruptcy Court is protected by sovereign immunity.

Similarly, with respect to State defendants, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir.1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not

8

waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks–McCollum v. Delaware*, 213 Fed. Appx. 92, 94 (3d Cir.2007). Moreover, defendants the Administrate Offices of the Delaware Courts, Superior Court, Supreme Court of Delaware, Court on the Judiciary, State Department of Justice, and State Human Relations Commission are not persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 Fed. Appx. 47 (3d Cir.2008). The Eleventh Amendment also prohibits claims against individual state officials sued in their official capacities. *Will*, 491 U.S. at 71.

Turning to the substance of plaintiff's claims for consideration under the standards for Rule 12(b)(6), the court is mindful of its obligation to liberally construe a pro se litigant's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 n. 1 (3d Cir.2009). Plaintiff's claims against defendant Bankruptcy Court emanate from a filing[5] for bankruptcy protection made by Solyndra, a company that plaintiff alleges stole his original idea for an alternative energy device using sunlight and water called SHEPPARD.[6] (D.I. 1) Apparently, the enormous cost associated with making its own prototype resulted in

---

[5]On October 17, 2012, plaintiff filed an emergency petition in the underlying bankruptcy action alleging that Solyndra infringed his intellectual property rights. *In re: Solyndra LLC, et al.*, Case No. 12-12799-MFW (Bankr. D. Del. 2012) (D.I. 1167 at 12). The bankruptcy docket does not reflect any action by defendant Bankruptcy Court on plaintiff's emergency petition.

[6]Plaintiff claims to have described SHEPPARD in his book entitled "The Lamb's Book of Life," which was self-published in 2010. (D.I. 3-2)

9

Solyndra's expending too much capital and revenue for the company to operate without

bankruptcy protection. More specifically, plaintiff avers:

> The Solyndra fraud was officially briefed as such See: United
> States Supreme Court Docket no. 12-912. Formal official claims
> were filed before defendant U.S. Bankruptcy Court for the District
> of Delaware Case No. 11-12799 at Appendix D. App. 47-70.
> Circumvention of plaintiff's original SHEPPARD idea is one of
> the sources of the plaintiff's current complaint made and is part
> of the reasons documenting the purposes of the illegal aggressive
> malicious intent of defendant Vaughn and Markell to illegally ban
> plaintiff from a land grant institution of higher learning.

(D.I. 1 at 6-7) Although the Solyndra bankruptcy proceeding was pending before

defendant Bankruptcy Court and plaintiff filed documents therein, plaintiff has not

identified the events or acts that he claims give rise to a cause of action. Plaintiff's

mere references as noted above are insufficient to survive a motion to dismiss for

failure to state claim.

Plaintiff alleges that State defendants acted with racial animus to ban him from

using resources and facilities on the campus of Delaware State University ("DSU"), a

historically black institution created by the State to educate Delaware slaves and their

descendants. As a descendant of Delaware slaves, plaintiff claims the right to use the

resources and facilities at DSU to develop and test the SHEPPARD prototype. As a

result of the alleged obstruction by State defendants, plaintiff was unable to build

SHEPPARD, which (plaintiff claims) would have saved the administration 500 million

dollars. Instead, Solyndra discovered his invention and stole the idea for its own profit.

Plaintiff asserts that defendants' actions are similar to conduct that occurred in

the prosecution of Jerry Sandusky by the Commonwealth of Pennsylvania. He also

advises that the claims at bar are related to the allegations of prosecutorial misconduct

lodged against Pennsylvania Attorney General Kathleen Kane. Plaintiff urges the court to look into the aforementioned cases in order to understand the fraud and corruption inherent in the matter at bar.

The court finds these allegations fail to state a claim for relief under § 1983. Plaintiff has not alleged the violation of a right secured by the Constitution and laws of the United States, or shown that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir.2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir.1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir.1978)). Rather than satisfying this threshold, plaintiff's allegations are rambling, vague, and (at times) nonsensical.

## IV. CONCLUSION

For the reasons stated, plaintiff's motion for recusal is denied and defendants' motions to dismiss are granted.[7] An order shall issue.

---

[7]The court finds that allowing plaintiff the opportunity to amend the complaint would be futile because defendants are all immune from suit. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002) (district court must give plaintiff opportunity to amend the complaint unless such amendment would be futile or inequitable).

11